1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTHONY GONZALEZ, | Case No.  1:11-cv-01774-SAB (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (THIRTY-DAY DEADLINE) |
| SERGEANT MALDONADO, et al., | |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff Marcos Anthony Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on October 25, 2011.  (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state a claim for failure to follow the Federal Rules of Civil Procedure.  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

///

1

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

///

///

2

### III.

### COMPLAINT ALLEGATIONS

Plaintiff is currently in custody in Bob Wiley Detention Facility ("BWDF") in Tulare County, California. The incidents described in Plaintiff's complaint took place while he was in custody at BWDF and Tulare County Main Jail ("TCMJ"). Plaintiff names Sergeant Maldonado, Sergeant Monica Walker, Sergeant Walker, Sergeant Brooks, Deputy Silva Brian, Deputy Elizaldi, Deputy Joel Puckett, Deputy King, Deputy Carter, Deputy Florez, and Deputy Does 1-9 as defendants (collectively referred to as "Defendants"). Plaintiff alleges in his complaint that the Defendants used excessive force against him, and subjected him to cruel and unusual punishment by depriving him of food. Plaintiff has paranoid schizophrenia.

On October 17, 2009 at TCMJ, Plaintiff was in a holding cell with other inmates. Plaintiff felt threatened because another inmate began arguing with him, and informed Defendant Doe 1. Plaintiff alleges that Defendant Does 2-4 removed him from the cell and beat him, which caused him a black eye and bruised ribs. On January 23, 2010 at BWDF, Plaintiff was placed in a safety cell reserved for suicidal or homicidal inmates without cause. On the second day in the safety cell, Defendant Walker opened the cell with his taser gun drawn and demanded that Plaintiff remove his pants. Plaintiff refused to follow the order because it was cold. Defendant Elizaldi began to beat him with a baton. Defendants Puckett and Brian also used excessive force towards him. As a result, Plaintiff sustained a laceration to his forehead and bruising on his torso. Plaintiff was treated at Kaweah Delta Hospital for his injuries.

On April 27, 2010, Plaintiff was placed in a safety cell without cause. He remained in the cell through August 17, 2010. Plaintiff weighed approximately two hundred thirty pounds when he was placed in the safety cell. He was routinely denied meals, hydration, and showers during his time in the safety cell. Plaintiff became malnourished, and was transported to Kaweah Delta

Hospital for treatment. At the hospital, he weighed one hundred fifty pounds.

In June 2010 at TCMJ, Plaintiff was permitted to take a shower, but was not allowed a razor. When Plaintiff requested a razor, the water was turned off and Plaintiff was ordered to exit the shower. When Plaintiff refused to exit, Defendant Garcia, Defendant Neal, Defendant King, and Defendant Does removed Plaintiff from the shower and beat him. In July 2010 at TCMJ, Plaintiff was permitted to take a shower, but his request for a razor was denied. When Plaintiff requested a razor, the water was turned off and he was ordered to exit the shower. Plaintiff refused, and Defendant Maldonado, Defendant Carter, Defendant Florez, and Defendant King extracted Plaintiff and beat him. When Plaintiff was restrained, Defendant Maldonado ordered Defendant King to taze Plaintiff. Plaintiff was wet and in a puddle of water. Defendant King hesitated, but then followed Defendant Maldonado's second order to taze Plaintiff.

**IV.**

**DISCUSSION**

For the reasons set forth below, the complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**A.** **Rule 18 and 20**

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or

4

series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff's complaint contains various separate incidents that occurred in two different prisons, against different defendants. Plaintiff alleges violations that occurred at TCMJ and BWDF on various dates in the years 2009 and 2010. Plaintiff fails to allege any facts linking these incidents together. Accordingly, Plaintiff is advised that his claims do not arise out of the same "transaction, occurrence, or series of transactions." The incidents described do not involve common questions of fact or law. The facts necessary to prove these claims are unique. Plaintiff is not permitted to raise all his claims in a single action under Federal Rule of Civil Procedure 20(a)(2) simply because all the incidents occurred in California prisons.

The Court advises Plaintiff that each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Plaintiff is advised that a claim does not arise from a common transaction, occurrence, or series of transactions merely because both claims involve discrimination. Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

///

**B.**     <u>Legal Standards</u>

**1.**     <u>Eighth Amendment—Excessive Force Claim</u>

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  <u>Wilkins v. Gaddy</u>, 130 S.Ct. 1175, 1178 (2010) (per curiam); <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency.  <u>Hudson</u>, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  <u>Wilkins</u>, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action.  <u>Wilkins</u>, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503 U.S. at 9) (quotation marks omitted).  Necessarily excluded from constitutional recognition is the <u>de minimis</u> use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  <u>Id</u>. (quoting <u>Hudson</u>, 503 U.S. at 9-10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  <u>Hudson</u>, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  <u>Hudson</u>, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  <u>Wilkins</u>, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  <u>Id</u>. at 1178.

**2.**     <u>Eighth Amendment—Conditions and Confinement</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects

1    prisoners not only from inhumane methods of punishment but also from inhumane conditions of

2    confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[W]hile conditions

3    of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton

4    and unnecessary infliction of pain.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101

5    S.Ct. 2392 (1981)).   "What is necessary to show sufficient harm for purposes of the Cruel and

6    Unusual Punishment Clause depends upon the claim at issue. . . ."  Hudson v. McMillian, 503

7    U.S. 1, 8, 112 S.Ct. 995 (1992).   "[E]xtreme deprivations are required to make out a[n] [Eighth

8    Amendment] conditions-of-confinement claim."  Hudson, 503 U.S. at 9 (citation omitted).   With

9    respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal

10   offenders pay for their offenses against society, only those deprivations denying the minimal

11   civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth

12   Amendment violation."  Id. (quotations and citations omitted).

13          Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison

14   officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

15   serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).   The deliberate indifference

16   standard involves an objective and a subjective prong.   First, the alleged deprivation must be, in

17   objective terms, "sufficiently serious. . . ."  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970

18   (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)).   Second, the prison

19   official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ."

20   Farmer, 511 U.S. at 837.   Thus, a prison official may be held liable under the Eighth Amendment

21   for denying humane conditions of confinement only if he knows that inmates face a substantial

22   risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-

23   45.   Prison officials may avoid liability by presenting evidence that they lacked knowledge of the

24   risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at

25   844-45.   Mere negligence on the part of the prison official is not sufficient to establish liability,

26   but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost, 152

27   F.3d at 1128.

28          "The Eighth Amendment requires only that prisoners receive food that is adequate to

7

1   maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444,

2   1456 (9th Cir. 1993); see also Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000); Keenan v.

3   Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) amended by 135 F.3d 1318 (9th Cir. 1998).

4                                                        **V.**

5                                     **CONCLUSION AND ORDER**

6          For the reasons stated, Plaintiff's complaint violates the Federal Rules of Civil Procedure.

7   Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809

8   F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding

9   new, unrelated claims in his amended complaint.    George v. Smith, 507 F.3d 605, 607 (7th Cir.

10  2007) (no "buckshot" complaints).

11         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

12  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

13  rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on

14  the duties and responsibilities of each individual defendant whose acts or omissions are alleged to

15  have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

16  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

17  above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

18         Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana,

19  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and

20  must be "complete in itself without reference to the prior or superceded pleading," Local Rule

21  220.  "All causes of action alleged in an original complaint which are not alleged in an amended

22  complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d

23  811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

24         Based on the foregoing, it is HEREBY ORDERED that:

25         1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

26         2.      Plaintiff's complaint, filed October 25, 2011, is dismissed for failure to follow the

27                 Federal Rules of Civil Procedure;

28         3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

                                                        8

1    amended complaint; and

2    4.   If Plaintiff fails to file an amended complaint in compliance with this order, this

3    action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **September 6, 2013**

            UNITED STATES MAGISTRATE JUDGE

9