**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS ANTYHONY GONZALEZ, | ) Case No.: 1:11-cv-01774-SAB (PC) |
| Plaintiff, | ) |
| | ) ORDER DISMISSING AMENDED COMPLAINT |
| v. | ) WITH LEAVE TO AMEND FOR FAILURE TO |
| | ) STATE A COGNIZABLE CLAIM |
| SERGEANT MALDONADO, et al., | ) |
| | ) [ECF No. 10] |
| Defendants. | ) |
| | ) |

Plaintiff Marcos Anthony Gonzalez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated the action on October 25, 2011.  On September 9, 2013, the Court dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable claim.   On September 19, 2013, Plaintiff filed an amended complaint.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff's contends that on January 23, 2010, while he was detained at the Bob Wiley Detention Facility, he was placed in a safety cell without cause which is reserved for suicidal inmates who are a danger to others. Plaintiff never individuated that he was suicidal.

On the second day that he was housed in the safety cell, Sergeant Walker opened the cell door with a taser gun drawn and demanded that Plaintiff give him his pants, but Plaintiff refused because of the extreme coldness. When Plaintiff refused to hand over his pants, Deputy Elizaldi began striking Plaintiff with an expandable baton causing a four inch laceration to his forehead. Thereafter, Sergeant Walker tased Plaintiff. Plaintiff contends the deputies used excessive force causing bruising to his arms and back. Plaintiff was transferred by ambulance to the Kaweah Delta Hospital for treatment caused by the incident.

# III.

## DISCUSSION

### A.      Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

By Plaintiff's own admission, he failed to comply with officer's order to give them his pants, and thereafter he was beaten with a baton and tased by two different officers.  Plaintiff does not provide sufficient factual details regarding the use of force by the officers, such as the events immediately up to the use of force, the amount and duration of the force applied, and his response thereto.  See Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009) (no excessive force against inmate when guards deny inmate's request for pain medication, and administer a single shot of pepper spray, as a proportionate response when inmate becomes agitated and refuses to obey orders).  The Court will grant Plaintiff an opportunity to further amend this claim if he can do so.

### B.      Placement in Security Cell

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825,

847, 114 S.Ct. 1970 (1994) and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981))

(quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and

harsh, they must not involve the wanton and unnecessary infliction of pain.  <u>Morgan</u>, 465 F.3d at 1045

(citing <u>Rhodes</u>, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of

legitimate penological purpose or contrary to evolving standards of decency that mark the progress of

a maturing society violate the Eighth Amendment.  <u>Morgan</u>, 465 F.3d at 1045 (quotation marks and

citations omitted); <u>Hope v. Pelzer</u>, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); <u>Rhodes</u>, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir.

2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted).  To

maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately

indifferent to a substantial risk of harm to his health or safety.  <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v.</u>

<u>Ponder</u>, 611 F.3d 1144, 1150-51 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir.

2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th

Cir. 1998).

Here, Plaintiff has failed to adequately plead sufficient facts to support his conditions of

confinement claim.  Plaintiff merely alleges that he was placed in a "safety" cell which houses suicidal

inmates despite the fact that he was never suicidal.  Plaintiff provides no factual allegations regarding

the conditions inside the "safety" cell.  Nor does Plaintiff identify any of the officers or staff involved,

nor does he attribute any particular actions/omissions or states of mind as to any individuals.

Accordingly, Plaintiff fails to state a cognizable claim.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be

granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  <u>Noll v.</u>

<u>Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

///

4

adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.   "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Plaintiff's first amended complaint, filed September 19, 2013, is dismissed for failure to state a claim;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 24, 2014**

_____

UNITED STATES MAGISTRATE JUDGE

5