1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTYHONY GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT MALDONADO, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01774-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>[ECF No. 12] |

    Plaintiff Marcos Anthony Gonzalez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 9, 2011.  Local Rule 302.

    Now pending before the Court is Plaintiff's second amended complaint, filed on February 12, 2014.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

    In the second amended complaint, Plaintiff contends he was subjected to excessive force while he was confined in a safety cell.

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), including pretrial detainees. See, e.g., Panaro v. City of North Las Vegas, 432 F.3d 949, 950, 952 (9th Cir. 2005).

On the complaint form in response to the question whether Plaintiff filed an appeal or grievance concerning the facts contained in the complaint, Plaintiff checked the box "No" stating he "was not aware of [his] rights." (2nd Am. Compl. at 2.) Because Plaintiff is required to exhaust the available administrative remedies prior to filing suit, the Court will direct Plaintiff to show cause why the action should not be dismissed, without prejudice, for failure to exhaust the administrative remedies.

Based on the foregoing,

IT IS HEREBY ORDERED that within thirty (30) days from the date of service of this order, Plaintiff shall show cause why the action should not be dismissed, without prejudice, for failure to exhaust the administrative remedies. Failure to respond to the order will result in the dismissal of the action for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **April 1, 2014**

UNITED STATES MAGISTRATE JUDGE