UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTHONY GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT MALDONADO, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01774-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF Nos. 12, 13, 14] |

    Plaintiff Marcos Anthony Gonzalez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 12, 2012.  Local Rule 302.

    On April 1, 2014, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to exhaust the administrative remedies.  (ECF No. 13.)  Plaintiff filed a response to the order to show cause on May 1, 2014.  (ECF No. 14.)

    Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner

1  and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and
2  the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516,
3  532 (2002).
4     Exhaustion, if feasible, should be decided before reaching the merits of a prisoner's claim.
5  Albino v. Baca, __ F.3d __, 2014 WL 1317141, at *6 (E.D. Cal. April 3, 2014).  This is one of those
6  rare cases where a failure to exhaust administrative remedies is clear on the face of the complaint.  Id.
7  at *5.  As stated in the order to show cause, on the complaint form in response to the question whether
8  Plaintiff filed an appeal or grievance concerning the facts contained in the complaint, Plaintiff checked
9  the box "No" stating he "was not aware of [his] rights."  (ECF No. 13, at 2; ECF No. 12, 2nd Amd.
10 Compl. at 2.)  In his response to the order to show cause, Plaintiff makes reference to the order to
11 show cause, however, he does not address the issue of exhaustion of the administrative remedies.
12 Instead, Plaintiff requests that his case not be dismissed because he has evidence, which was attached
13 to the response, to support and demonstrate the injuries he sustained by prison officials.
14     Plaintiff's second amended complaint clearly demonstrates that although Plaintiff
15 acknowledged the availability of an administrative remedy process at the institution, Plaintiff did not
16 file an appeal or grievance "because [he] was not aware of [his] rights," which is not a sufficient basis
17 to excuse exhaustion of the administrative remedies.  See, e.g., Nunez v. Duncan, 591 F.3d 1217,
18 1224-1226 (9th Cir. 2010) (exhaustion may be excused if effectively unavailable); Ward v. Chavez,
19 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion may be excused if it would be futile.)  Indeed, the
20 complaint form on which Plaintiff conceded that he did not exhaust the administrative remedies,
21 contained the exhaustion requirement under the PLRA and specifically stated, *inter alia*, "You are
22 required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit,
23 regardless of the relief offered by the process.  Booth v. Churner, 532 U.S. 731, 741 (2001);
24 McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002)."  (ECF No. 12 at 2.)  If Plaintiff could
25 simply declare that he was not aware of his rights and/or need to exhaust the administrative remedies,
26 such argument would render the exhaustion requirement of the PLRA "into a largely useless
27 appendage."  See, e.g., Woodford v. Ngo, 548 U.S. 81, 93 (2006).  Accordingly, dismissal of the
28

action, without prejudice, for failure to exhaust the administrative remedies prior to filing suit is warranted.

Based on the foregoing,

IT IS HEREBY ORDERED that the instant complaint is DISMISSED, without prejudice, for failure to exhaust the administrative remedies.

IT IS SO ORDERED.

Dated:   **May 7, 2014**

UNITED STATES MAGISTRATE JUDGE